1

2

3

4                          UNITED STATES DISTRICT COURT

5                          CENTRAL DISTRICT OF CALIFORNIA

6

7   HAROLD C. LEE,                              Case No. 2:22-cv-07097-FWS (MAR)

8                       Plaintiff,

9              v.                               ORDER DISMISSING COMPLAINT
                                                WITH LEAVE TO AMEND
10  MARANDA, ET AL.,

11                      Defendant.

12                                         I.

13                              **INTRODUCTION**

14          On November 10, 2022, Harold C. Lee ("Plaintiff"), proceeding pro se, filed

15  the instant Second Amended Complaint ("SAC").  ECF Docket No. ("Dkt.") 11.  For

16  the reasons discussed below, the Court dismisses the SAC with leave to amend.

17          **If Plaintiff desires to pursue this action, he is ORDERED to respond by**

18  **no later than December 23, 2022, by choosing one of the three (3) options**

19  **discussed in Part V, below.**  Further, Plaintiff is admonished that, if he fails to

20  timely respond, the Court will recommend that this action be dismissed without

21  further leave to amend and with prejudice for failure to state a claim and follow the

22  Court's orders.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## II.

## BACKGROUND

**A.    PROCEDURAL HISTORY**

On March 10, 2022, Plaintiff constructively filed[1] a Complaint in the Southern District of California, bringing claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants located in both the Central and Southern Districts of California. Dkt. 1 at 3–5; 11.  On May 31, 2022, the Southern District dismissed the Complaint with leave to amend.  Dkt. 5.  On July 8, 2022, Plaintiff filed the First Amended Complaint ("FAC"), which omitted the claims brought against the Defendant located in the Southern District.  Dkt. 6.  Accordingly, on September 29, 2022, the Southern District ordered that the action be transferred to the Central District.  Dkt. 7.  The Central District received the case file on October 4, 2022.  Dkt. 8.

On October 18, 2022, the Court dismissed the FAC with leave to amend.  Dkt. 10.  On November 10, 2022, Plaintiff filed the instant SAC.  Dkt. 11.

**B.    SUMMARY OF THE SAC**

Plaintiff brings three (3) claims against a single Defendant, Correctional Officer Maranda, stemming from events at Lancaster State Prison in May 2021.  Dkt. 11 at 2–56.  Plaintiff's allegations are similar to those in his FAC, with a few key additions and omissions:

On May 17, 2021, Plaintiff informed Defendant Maranda that he was going to "file an appeal against him for allowing inmates to deliver his Trust Account Statement, and other U.S. mail."  Id. at 3.  Maranda became hostile and threatened to have Plaintiff removed from the housing unit for complaining.  Id.

On May 26, 2021, Defendant Maranda was assigned to the floor unit, and Correctional Officer Tapia was assigned to the control gun tower.  Id. at 3–4 .

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

Protocol mandated that two officers remain on the floor at all times, or the building could not be released for daily activity.  Id.  Tapia had left to use the restroom just before the p.m. yard was due to be released.  Id.  Pursuant to protocol, Maranda should have  waited until Tapia returned to his post before releasing the p.m. yard.  Id.  Instead, Maranda violated protocol by going up to the control gun tower to release the p.m. yard himself, leaving just one officer on the floor.  Id.

When the p.m. yard was released, a couple of inmates began fighting 15 feet away from Plaintiff.  Id. at 4.  Presumably in a failed attempt to quell the fight, Maranda shot Plaintiff in the chest.  Id.  Plaintiff had nothing to do with the fight the other inmates were having.  Id.

Plaintiff appears to allege Maranda:

    (1) used excessive force in violation of the Eighth Amendment rights by shooting Plaintiff in the chest;

    (2) retaliated against Plaintiff in violation of the First Amendment by threatening to remove him from the housing unit using excessive force against Plaintiff; and

    (3) violated Plaintiff's Fourteenth Amendment equal protection and/or due process rights.

Id. at 4–6.  Plaintiff seeks damages totaling $2,500,000.  Id. at 6.

## III.

## STANDARD OF REVIEW

Where a plaintiff is incarcerated, a court must screen the complaint under 28 U.S.C. § 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

1   cognizable legal theory." <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007).  In

2   considering whether a complaint states a claim, a court must accept as true all of the

3   material factual allegations in it.  <u>Hamilton v. Brown</u>, 630 F.3d 889, 892–93 (9th Cir.

4   2011).  However, a court need not accept as true "allegations that are merely

5   conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>In re

6   Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint

7   need not include detailed factual allegations, it "must contain sufficient factual matter,

8   accepted as true, to state a claim to relief that is plausible on its face."  <u>Cook v.

9   Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotations omitted).

10  A claim is facially plausible when it "allows the court to draw the reasonable inference

11  that the defendant is liable for the misconduct alleged."  <u>Id.</u>  The complaint "must

12  contain sufficient allegations of underlying facts to give fair notice and to enable the

13  opposing party to defend itself effectively."  <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th

14  Cir. 2011).

15       "A document filed <u>pro se</u> is 'to be liberally construed,' and a '<u>pro se</u> complaint,

16  however inartfully pleaded, must be held to less stringent standards than formal

17  pleadings drafted by lawyers.'"  <u>Woods</u>, 525 F.3d at 889–90.  However, liberal

18  construction should only be afforded to "a plaintiff's factual allegations," <u>Neitzke v.

19  Williams</u>, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true

20  "unreasonable inferences or assume the truth of legal conclusions cast in the form of

21  factual allegations," <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th Cir. 2003).

22       If a court finds the complaint should be dismissed for failure to state a claim, a

23  court has discretion to dismiss with or without leave to amend.  <u>Lopez v. Smith</u>, 203

24  F.3d 1122, 1126–30 (9th Cir. 2000).  Leave to amend should be granted if it appears

25  possible the defects in the complaint could be corrected, especially if the plaintiff is

26  <u>pro se</u>.  <u>Id.</u> at 1130–31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir.

27  1995).  However, if, after careful consideration, it is clear a complaint cannot be cured

28

by amendment, a court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1107–11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

<strong>IV.</strong>

<strong><u>DISCUSSION</u></strong>

**A.    PLAINTIFF STATES AN EXCESSIVE FORCE CLAIM UNDER THE EIGHTH AMENDMENT**

### 1.    Applicable law

Eighth Amendment excessive force turns on the question of "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992); <u>see</u> <u>also</u> <u>Clement v. Gomez</u>, 298 F.3d 898, 903 (9th Cir. 2002).  In other words, Plaintiff must show that "correctional officers: (1) acted for the very purpose of causing harm; (2) used excessive and unnecessary force under all of the circumstances; and (3) caused the plaintiff harm." <u>Reid v. United States</u>, 825 F. App'x. 442, 445 (9th Cir. 2020).  Whether an exercise of force is excessive is determined by five (5) factors:  "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." <u>Bearchild v. Cobban</u>, 947 F.3d 1130, 1141 (9th Cir. 2020).

### 2.    Analysis

As stated in the Court's October 18, 2022 Order, this Court finds that Plaintiff has stated an Eighth Amendment excessive force claim against Maranda:

> In <u>Marquez v. Gutierrez</u>, the Ninth Circuit has held that "to shoot a passive, unarmed inmate standing near a fight between other inmates, none of whom was armed, when no inmate was in danger of great bodily harm, would inflict unnecessary and wanton pain." 322 F.3d 689, 692 (9th Cir. 2003).  The Ninth Circuit acknowledged that the plaintiff in Marquez would be able to establish an Eighth Amendment violation if he were to prove these facts.  <u>Id.</u>  This is essentially the exact situation Plaintiff presents, with the additional fact that Maranda allegedly released

5

1  the p.m. yard in violation of safety protocol.  Accordingly, Plaintiff has
2  sufficiently pled an Eighth Amendment violation.

3  Dkt. 10 at 6.

4  **B.     PLAINTIFF STATES A RETALIATION CLAIM UNDER THE**
5  **FIRST AMENDMENT**

6  **1.     Applicable law**

7  "To state a viable First Amendment retaliation claim, a prisoner must allege

8  five elements: "(1) An assertion that [a prison official] took some adverse action

9  against an inmate (2) because of (3) that prisoner's protected conduct, and that such

10  action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

11  action did not reasonably advance a legitimate correctional goal." Rhodes v.

12  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see Pratt v. Rowland, 65 F.3d 802,

13  808 (9th Cir. 1995) (observing prisoner "must show that there were no legitimate

14  correctional purposes motivating the actions he complained of").

15  Filing grievances is a protected activity and retaliation against prisoners for

16  filing grievances is prohibited as a matter of "clearly established law." Brodheim v.

17  Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes, 408 F.3d at 566).  Oral

18  threats to file grievances, as opposed to actually filing grievances, are also protected,

19  and that law is clearly established as of 2012, at the latest.  See Gleason v. Placencia,

20  No. 1:19-CV-00539-LJO-EPG (PC), 2020 WL 104693 at *4–6 (E.D. Cal. Jan. 9,

21  2020), report and recommendation adopted, No. 1:19-CV-00539-LJO-EPG (PC),

22  2020 WL 3497001 (E.D. Cal. June 29, 2020) (citing Entler v. Gregoire, 872 F.3d 1031,

23  1039–43 (9th Cir. 2017)).

24  Furthermore, with respect to the chilling effect, Plaintiffs do not need to show

25  their "speech was actually inhibited or suppressed." Lacey v. Maricopa Cty., 693 F.3d

26  896, 916 (9th Cir. 2012) (quoting Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d

27  1283, 1300 (9th Cir. 1999)) (internal quotation marks omitted).  Rather, courts look to

28

1   "whether an officials' acts would chill or silence a person of ordinary firmness from

2   future First Amendment activities." <u>Id.</u> at 916–17.

3        With respect to the causal element, mere speculation that defendants acted out

4   of retaliation is simply not sufficient to sustain a retaliation claim. <u>Wood v. Yordy</u>,

5   753 F.3d 899, 905 (9th Cir. 2014). However, "[b]ecause direct evidence of retaliatory

6   intent rarely can be pleaded in a complaint, allegation of a chronology of events from

7   which retaliation can be inferred is sufficient to survive dismissal." <u>Watison v. Carter</u>,

8   668 F.3d 1108, 1114–15 (9th Cir. 2012) (citing <u>Pratt</u>, 65 F.3d at 808).

9        Finally, with respect to the final element, a plaintiff successfully pleads that the

10   adverse action did not reasonably advance a legitimate correctional goal by alleging, in

11   addition to a retaliatory motive, that the defendant's actions were "arbitrary and

12   capricious" or that they were "unnecessary to the maintenance of order in the

13   institution." <u>Watison</u>, 668 F.3d at 1114–15.

14       **2.    Analysis**

15        Here, Plaintiff has stated a retaliation claim against Maranda. With respect to

16   the third element, Plaintiff alleges that he was engaged in the protected activity of

17   threatening to file grievances against Maranda. Dkt. 11 at 3; <u>see also</u> <u>Gleason</u>, 2020

18   WL 104693 at *4–6 (holding threats to file grievances are constitutionally protected).

19   With respect to the first and fifth elements, Plaintiff alleges that Maranda immediately

20   threatened to transfer Plaintiff out of his housing unit, and just over a week later, shot

21   Plaintiff in the chest, seemingly without a legitimate penological purpose. Dkt. 11 at

22   4–5. With respect to the second element, given the timeline of events and Maranda's

23   allegedly hostile response to Plaintiff's threats, the Court finds that Plaintiff's

24   allegations are sufficient to raise an inference of retaliatory motive. Finally, with

25   respect to the fourth element, an allegedly excessive use of force would certainly be

26   sufficient to chill a person of ordinary firmness from filing grievances. Accordingly,

27   taking this all together, Plaintiff has stated a retaliation claim against Defendant

28   Maranda.

## C.   PLAINTIFF FAILS TO STATE A DUE PROCESS OR EQUAL PROTECTION CLAIM UNDER THE FOURTEENTH AMENDMENT

### 1.   Applicable law

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest and (2) a denial of adequate procedural protections." Wilson v. Lynch, 835 F.3d 1083, 1098 (9th Cir. 2016) (internal quotations and citation omitted).

In order to establish the deprivation of a protected liberty interest, a prisoner must allege an "atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486 (1995) (holding "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"). In order to establish the denial of procedural protections afforded by due process, a prisoner must allege denial of certain requirements, including written notice, the right to call witnesses, the right to present documentary evidence, and the right to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. See Serrano v. Francis, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

The Equal Protection Clause requires the State to provide all persons in "its jurisdiction with equal protection of the laws[,]" U.S. Const. amend. XIV § 1. D, and that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 US. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for [an equal protection violation], a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). An equal protection claim does not

1   arise "by conflating all persons not injured into a preferred class receiving better

2   treatment than the plaintiff." Thornton v. City of St. Helens, 425 F.3d 1158, 1167

3   (9th Cir. 2005) (internal quotations and citation omitted).

4          Alternatively, a successful equal protection claim may also be brought by a

5   "class of one," where the plaintiff alleges that she has been intentionally treated

6   differently from others similarly situated and that there is no rational basis for the

7   difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000);

8   see also Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008) (recognizing that

9   "an equal protection claim can in some circumstances be sustained even if the plaintiff

10  has not alleged class-based discrimination, but instead claims that she has been

11  irrationally singled out as a so-called 'class of one.'" (internal citation omitted)); North

12  Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008) ("When an equal

13  protection claim is premised on unique treatment rather than on a classification, the

14  Supreme Court has described it as a 'class of one' claim.").

15         To succeed on a class of one claim, a plaintiff must demonstrate that defendant

16  (1) intentionally (2) treated plaintiff differently than others similarly situated (3)

17  without rational basis. Gerhart v. Lake Cnty, Mont., 637 F.3d 1013, 1022 (9th Cir.

18  2011). For treatment to be "intentional," the plaintiff must show that the State

19  intended to subject the plaintiff to differential treatment. Id. The plaintiff must also

20  provide evidence displaying how the treatment plaintiff received was, in fact, different

21  from others who are similarly situated. Id. Lastly, the plaintiff must provide evidence

22  that there was no rational basis for the distinction in the treatment that plaintiff

23  received versus those similarly situated. Id. at 1023 (referencing Willowbrook, 528

24  U.S. at 564).

25         However, in cases where plaintiffs bring both a retaliation claim and an equal

26  protection claim based on retaliation, other federal courts have considered the

27  retaliation claim, and dismissed the equal protection claim as duplicative. See

28  Occhionero v. City of Fresno, No. CVF 05-1184 LJO-SMS, 2008 WL 2690431, at *8

9

(E.D. Cal. July 3, 2008), aff'd, 386 F. App'x 745 (9th Cir. 2010) (noting "[f]ederal courts have precluded assertion of First Amendment claims as Equal Protection claims," collecting cases, and holding the plaintiff's equal protection claim "of different treatment in retaliation for speech is a First Amendment claim which does not invoke the Equal Protection Clause"); Olson v. Bynum, No. 2:20-CV-2481-TLN-KJN PS, 2022 WL 2052696, at n.14 (E.D. Cal. June 7, 2022) (noting the plaintiff's equal protection and retaliation claim were "substantively indistinguishable" and warning that the court may recommend dismissal of the equal protection claim as duplicative).

### 2. Analysis

As an initial matter, it is unclear whether Plaintiff brings a due process claim, an equal protection claim, or both.  Plaintiff cites the Fifth and Fourteenth Amendments in the heading for his first cause of action.  Dkt. 11 at 4.  However, despite bringing a due process claim in previous complaints, Plaintiff no longer cites due process anywhere in the instant SAC.  Rather instead, he appears to bring an equal protection claim based on retaliation.  Id. at 4–5 ("[T]he defendant acted… to deprive Plaintiff of his rights to equal protection of law and be free [of cruel] and unusual punishment in retaliation.").  To the extent Plaintiff brings this equal protection claim based on retaliation, it would be duplicative of his retaliation claim and thus the claim should be dismissed.  See Occhionero, 2008 WL 2690431, at *8.

To the extent Plaintiff instead attempts to bring a due process claim, as he did in the FAC, Plaintiff has not explained, nor can the Court infer, a basis for such a claim.  Accordingly, any Fourteenth Amendment claim based on an alleged violation of due process or equal protection rights is subject to dismissal.

///

///

///

///

## V.

## <u>LEAVE TO FILE A THIRD AMENDED COMPLAINT</u>

For the foregoing reasons, the SAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT by December 23, 2022** Plaintiff must choose one of the following three (3) options:

1.       Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above.  If Plaintiff chooses to file a Third Amended Complaint, he must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the SAC.  **In addition, the Third Amended Complaint must be complete without reference to the SAC, FAC, Complaint, or any other pleading, attachment, or document.**
       **<u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, which the Court encourages Plaintiff to use.  The Clerk of Court is also directed to mail Plaintiff a copy of his SAC (Dkt. 11) for his reference.</u>**
       Plaintiff is advised that this Court's determination that the allegations in the SAC are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, **Plaintiff is not required to omit any claim or defendant in order to pursue this action**.  However, if Plaintiff decides to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice

for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

2.      Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his SAC.  If Plaintiff chooses to stand on the SAC despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that portions of the SAC be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3.      Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>**The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if they choose to voluntarily dismiss the action.**</u>

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  November 22, 2022

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

HAROLD C. LEE, T-44149
P.O. BOX 92,B1-22-2L
CHOWCHILLA, CA. 93610

CLERK, U.S. DISTRICT COURT

NOV 10 2022

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

1  In Pro Per

2      U N I T E D    S T A T E S    D I S T R I C T    C O U R T
   C E N T R A L     D I S T R I C T    O F    C A L I F O R N I A

3

4  HAROLD C. LEE                 Case No. 2:22-CV-07097-FWS-MAR

5         Plaintiff

6                        COMPLAINT

7       VS.                   42 U.S.C.§ 1983
               PLAINTIFF'S SECOND AMENDED
8                       COMPLAINT

9  MARANDA, CORECTIONAL OFFICER

10 SUED IN INDIVIDUAL CAPACITY     FIRST; FIFTH;EIGHTH;FOURTEENTH

11      DEFENDANTS'          DEMAND FOR JURY TRIAL

12

13

14                A. INTRODUCTION

15

16 1.Plaintiff, a Prisoner of the State of California brings this dam-

17 ages action to redress defendant's violations of his constitutional

18 rights, of Freedom of Speech,free from retaliatory and crule and

19 unusal punishment actions by Prison Official, (2)Equal protection of

20 law and the "CHILLING EFFECT" thereof.

21

22 2. On, May 26, 2021 , Defendant MARANDA retaliated against Plaintiff

23 for exercising Free Speech because Plaintiff informed defendant

24 MARANDA that he would file a written grievance against him on or

25 about May 17th 2021 at Lancaster State Prison in Los Angeles, Calif-

26 ornia. Plaintiff was injured and suffered "CHILLING EFFECT" as a

27 proximate cause of defendant's actions of retaliation against Plai-

28 ntiff for his rights to bring grievance and Freedom of Speech.

                      -1-

3. Plaintiff seeks damages pursuant to 42 U.S.C. section § 1983, and the FIRST, and FOURTEEMTH, FIFTH Amendments to the United States Constitution.

## B. JURISDICTION AND VENUE

1. Plaintiff has suffered injury that is traceable to the actions of the defendant and the action is a case or controversy over which this court has the Jurisdition under Article III of the UNITED STATES CONSTITUTION.

2. This case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §1331 and 1343.

3. Venue is proper in this court under 28 U.S.C. 1391(b) because plaintiff's claims for relief arose in this district.

## INTRADISTRICT ASSIGNMENT

4. Plaintiff's claims for relief arose in Lancaster State Prison which is located in the City of Lancaster and the County of Los Angeles in the State of California. United States District Court for the Central District of California, Civil local rules requires that all cival actions arising in The County of Los Ageles shall be assigned to the Los Angeles Division.

## INTRODUCTION OF PARTIES

5. Plaintiff, Harold C. Lee was at all times mentioned herein incar

-2-

incarcerated at Lancaster State Prison in Lancaster, California.

6. Defendant MARANDA, was at all times mentioned herein was the Correctional Officer assigned to housing unit 1 at Lancaster State Prison. He was an employee of California Department of Corrections and Rehabilitation (hereafter CDCR), and he operated under the supervision of           Correctional Captain. He is sued in his individual capasity. At all times mentioned herein MARANDA acted within the course and scope of his employment and under the color of law. In the capacity of correctional officer defendant was responsible for the safe custody of inmates assigned to Facility 1. Defendant's retaliatory action of using his state issued fire arm to infict unwarrant, wanton force upon plaintiff causing plaintiff to suffer physical injury was a proximate cause of the CHILLING EFFECT and deprivation of Plaintiff's constitutional right to equal protection of law and to be free of crule and usual punishment by prison staff.

### FACTUAL ALLEGATIONS COMMON TO ALL
### CAUSE OF ACTION

7. On or about May 17th, 2021, Plaintiff was housed at Lancaster State Prison. At that time Plaintiff informed Defendant Maranda that he was going to file an appeal against him for allowing inmates to deliver his Trust Account Statement, and other U.S. Mail. Defendant Maranda became hostile using profane language and threatened to have Plaintiff removed from the housing unit for complaining

8. On May 26th, 2021, Defendant Maranda was assigned to building 1,

floor unit. C/O Tapia was assigned to building 1 control gun tower, and had to use the rest room while p.m. yard was bing released. At that time C/O Maranda went up to the building control gun tower, and violated protocal when he released the building for p.m. yard. While the yard was being released a couple of inmates began fighting app-roxamently fifteen (15) feet away from Plaintiff. Defendant Maranda began shooting on the yard and shot Plaintiff, even though Plaintiff had nothing to do with the fight between the above captioned inmates. Defendant's shooting of Plaimtiff was arbitrary, and capricious, and served no ligitimate penological goals.

CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983
DENIAL OF RIGHTS UNDER THE FIRST, FIFTH, EIGHTH,
AND FOURTEENTH AMENDMENTS OF THE
UNITED STATES CONSTITUTIONS

9. Plaintiff incorporates by rference and re-alleges of paragraphs 1 through 9.

10. This is an action at law to redress the deprivation under the color of State Ordiances, regulations, customs, or usage of rights, privileges and immunities secured to plaintiff by the First; Fifth; Eighth, and Fourteenth Amendments to the Constitutions of the United States of America, and arising under the laws and statutes of the State of California.

11. During all times mentioned herein, the said defendant acted under color of law, to wit, under the statute, ordinance, regulations and customs, and usages of the State of California. The defendant, separately and in concert, acted outside of the scope of his

-4-

1  jurisdiction and without authorization of law, willfully and knowing-
2  ly to deprive Plaintiff of his rights to equal protection of law and
3  be free  crule and unsual punishment in retaliation.

4
5  12. As a direct and proximate result of the violation of Plaintiff's
6  privileges and immunities secured to him by the laws of this state
7  and nation, Plaintiff was injured, and damaged herein.

8                    SECOND CAUSE OF ACTION
9       RETALIATION FOR EXERCISING CONSTITUTIONAL RIGHTS
10
11 13. Plaintiff incorprated by realleges as thoroughly set forth
12 herein the allegations of paragraphes 1 through 13.

13
14 14. Defendant, was deliberately indifferent to plaintiff's rights
15 to freedom of speech and freedom to file prison grievance without
16 punishiment.

17
18 15. As a direct and proximate result and privileges and immunities
19 secured to plaintiff by law of this state and nation.

20
21 16. By reason of the aforesaid, plaintiff suffered physical injuries
22 combined with emotional distress.

23                    THIRD CAUSE OF ACTION
24               CRULE AND UNUSAL PUNISHMENT
                 DENIAL OF EQUAL PROTECTION
25
26 17. Plaintiff incorporates by reference and realleges as thoroughly
27 set forth herein the allegations of paragraphs 1-17.

28                          -5-

1    18. Defendant deliberately and unjustifiably shot Plaintiff

2    causing unwarrant harm and pain to Plaintiff's person denying Plain-

3    tiff's person denying Plaintiff his constitutional right under the

4    Eighth Amensment to be free from crule and unusal punishment desp-

5    ite the fact Plaintiff was not engaged or involved in any illegal

6    activity.

7

8    19. By reason of the aforesaid, Plaintiff has been damaged.

9    WHEREFORE Plaintiff prays judgements against Defendant as follows:

10      (1) Compensatory Damages in assess of $1,000,000.°°
        (2) Punitive Award of $1,500,000.°°

11      (3) Attorney's fees and costs of this suite herein incurred.
        (4) For such other and further relief as the Court may deem

12         proper

13              Plaintiff request a Jury Trial

14   DATED: 11·7·22          BY: _____

15                                 IN PRO PER

16

17

18

19

20

21

22

23

24

25

26

27

                           -6-

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Harold E. Lee

v.                                    Case Number: NO. 2:22 CV 07097
                                      -FWS (MAR
Narand, Correctional

Officer                               PROOF OF SERVICE

_____ /

I hereby certify that on _____11·7·22_____, I served a copy

of the attached ____Second Amended Complaint____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

Chochilla, CA _____:

(List Name and Address of Each
Defendant or Attorney Served)

US District Court
255 East Temple Street
Los Angeles, CA
            90012

I declare under penalty of perjury that the foregoing is true and correct.

Lee Harold

(Signature of Person Completing Service)

Harold E. Lee  T-41449
B-Yard #22-2 Low
P.O. Box 96
Churchill, Ca
93610

Confidential Mail
Legal Mail

VALLEY STATE PRISON

U.S District Court
Central District of Calif
Office of the Clerk
255 East Temple Street # 18
Los Angeles,
90012

US POSTAGE
ZIP 93610
02 4W
0000344458

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  | CASE NUMBER |
|---|---|
| Plaintiff(s),<br><br>v.<br><br><br>Defendant(s). | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐   This action is dismissed by the Plaintiff(s) in its entirety.

☐   The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐   The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐   **ONLY** Defendant(s) _____

_____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).


_____          _____
*Date*                                    *Signature of Attorney/Party*



*NOTE:*  *F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER<br>_____<br>*To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)*<br>☐ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |
| DEFENDANT(S). |  |

## A.   PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2. If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:

   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☐ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
                               (Claim I)             (Claim II)             (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
                  (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.  Defendant _____ resides or works at
                  (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.  Defendant _____ resides or works at
                  (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____


5.  Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline._

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____          _____
          *(Date)*                              *(Signature of Plaintiff)*